# United States District Court
# District of Massachusetts

UNITED STATES OF AMERICA,

    v.                                  CRIMINAL NO. 2004-10212-RGS

MARK CURRAN,
    Defendant.

## *MEMORANDUM AND ORDER OF DETENTION PURSUANT TO 18 U.S.C. § 3143*

COLLINGS, U.S.M.J.

    The above-styled case, which has been referred to Magistrate Judge Joyce Alexander, was referred to me as Emergency Magistrate Judge in Judge Alexander's absence from her office today.

    The defendant appeared in the above-styled case on a petition charging him with a violation of supervised release. The United States seeks his detention pending a revocation hearing before the District Judge to whom this case is assigned. At today's hearing, counsel for the defendant informed the

Court that his client was not contesting detention at this time.

In order to be released pending a final revocation hearing before the District Judge, the defendant has the burden of proving by clear and convincing evidence that he would not be a danger to the safety of any other person or the community if released. *See* Rules 32.(a)(1) and 46(c), Fed. R. Crim. P.; 18 U.S.C. § 3143(a)(1); *United States v. Mincey,* ___ F.Supp.2d ___, 2007 WL 1113688 (D. Mass., 2007).

Manifestly, the defendant has failed to meet his burden. Accordingly, I find that the defendant has failed to meet his burden of showing that there are conditions or combination of conditions of release which will reasonably assure the safety of other persons and the community and his appearance. The defendant not having met the prerequisites for release, pursuant to 18 U.S.C. § 3143, it is ORDERED that the defendant be, and he hereby is, DETAINED pending completion of a hearing on the revocation of supervised release pursuant to Rule 32.1(b), Fed.R.Crim.P. before the District Judge to whom this case is assigned. Pursuant to 18 U.S.C. § 3142(e), my findings are contained *supra*. Further pursuant to 18 U.S.C. § 3142(i), it is ORDERED that:

> (l) The defendant be, and he hereby is, committed to the custody of the Attorney General for confinement in a corrections facility;

>    (2)  The defendant be afforded reasonable opportunity for private consultation with his counsel; and
>
>    (3)  On Order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to an authorized Deputy U. S. Marshal for the purpose of any appearance in connection with a court proceeding.

Review of the within Detention Order may be had by the defendant filing a motion for revocation or amendment of the within Order pursuant to 18 U.S.C. § 3145(b).

This order is without prejudice to the defendant filing a motion at any time seeking a full detention hearing and the setting of conditions of release at any time in the future regardless of whether there have been changed circumstances. If such a motion is filed, the Court will conduct the full detention hearing at its earliest convenience.

*/s/ Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

Date: May 31, 2007.